UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
YOUNG MIN LEE, individually and on behalf of all
employees similarly situated,

                        Index No. 17-CV-09502 (NSR)

                Plaintiffs,

  -against-

NEW KANG SUH INC. d/b/a Korea Garden and
MYUNG SOOK CHOI,

                Defendants.
------------------------------------------------------------------------ X

## DEFENDANTS MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

                            **LANDMAN CORSI BALLAINE & FORD P.C.**
                            *Attorneys for Defendants*
                            New Kang Suh Inc. d/b/a Korea Garden
                            and Myung Sook Choi
                            120 Broadway, 27th Floor
                            New York, New York 10271
                            (212) 238-4800
                            ghong@lcbf.com

Of Counsel
      Grace (Sang-Eun) Hong

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 1

LEGAL ARGUMENT ................................................................................................................. 3

    .     POINT I:     PLAINTIFF'S CLAIMS ARE BARRED BY THEIR MUTUALLY AGREED UPON SETTLEMENT AND RELEASE ................................................................ 4

         POINT II:    DEFENDANTS HAD NO OBLIGATION TO REPORT OR SEEK APPROVAL OF THEIR RELEASE AND SETTLEMENT TO THE DEPARTMENT OF LABOR, NOR ANY COURT ................................... 6

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Appel v. Ford Motor Co.*,
   11 A.D.2d 731(1985)..................................................................................................4

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)..............................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................3, 4, 7

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2015)..............................................................................................6, 7

*DuFort v. Aetna Life Ins. Co.*
   818 F.Supp. 578 (S.D.N.Y. 1993) ............................................................................4

*Gaughan v. Rubenstein*,
   261 F.Supp.3d 390, 400 (S.D.N.Y. 2017) .............................................................6, 7

*Holocomb v. Iona Coll.*,
   521 F.3d 130 (2d Cir. 2008).....................................................................................5

*Marvel Characters, Inc. v. Simon*,
   310 F.3d 280 (2d Cir. 2002).....................................................................................4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986).................................................................................................4

*Petrosino v. Bell Atlantic*,
   385 F.3d 210 (2d Cir. 2004).....................................................................................4

*RJE Corp. v. Northville Indus. Corp.*,
   329 F.3d 310, 314 (2d Cir. 2003).............................................................................7

*Skluth v. United Merchants & Mfrs., Inc.*,
   163 A.D.2d 104 (1st Dep't 1990)..........................................................................4, 6

*Uribe v. Merchant Bank of N.Y.*,
   91 N.Y.2d 336 (1998)..............................................................................................5

*Vornado Realty Trust v. Marubeni Sustainable Energy, Inc.*,
   987 F.Supp.2d 267, 276 (E.D.N.Y. 2013) ............................................................4, 5

**Statutes**

Fair Labor Standards Act 29 U.S.C. § 201 .................................................................................1

New York Labor Law §650 ........................................................................................................1


**Other Authorities**

Fed. R. Civ. P. (8)(a)(2) ..............................................................................................................3

Fed. R. Civ. P. 12(b)(6) ......................................................................................................1, 3, 7

Fed. R. Civ. P. 12(d) ...................................................................................................................1

12 N.Y.C.R.R. §146 ....................................................................................................................1

## PRELIMINARY STATEMENT

Defendants NEW KANG SUH d/b/a Korea Garden and MYUNG SOOK CHOI (collectively "Defendants") move to dismiss Plaintiff YOUNG MIN LEE's Collective and Class Complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff commenced this action with the filing of a Summons and Complaint on or about December 4, 2017, on behalf of herself and others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq.; New York Labor Law ("NYLL") §650 et seq.; and 12 N.Y.C.R.R. §146.

Plaintiff fails to state a legitimate cause of action against the Defendants, as *prior* to the commencement of the action, Plaintiff willingly and knowingly entered into a private settlement agreement releasing the Defendants of the very claims raised in the instant complaint. For the reasons set forth more fully below, the Complaint must be dismissed in its entirety, as it fails to state a cause of action under the relevant state and federal laws, or in the alternative, the motion ought to be treated as one for summary judgment under Rule 56 pursuant to Fed. R. Civ. P. 12(d).

## STATEMENT OF FACTS

On or about June 29, 2017, the parties herein, Young Min Lee and Myung Sook Choi, signed a confidential Settlement Agreement and General Release ("Agreement"), which, by its own terms, contemplated the release of the Defendants from any and all claims concerning Plaintiff's hours worked, wages, overtime, or violations of state or federal law in relation to Plaintiff's employment with New Kang Suh Inc. and Myung Sook Choi. *See* Confidential Settlement Agreement and General release, annexed as Exhibit B to the Declaration of Grace (Sang-Eun) Hong, Esq., dated June 18, 2018 ("Hong Dec."). The Agreement explicitly acknowledges the parties' desire to resolve and settle all claims related to Plaintiff's employment

1

for the amount of $17,000.00 as payment in full and final satisfaction of her claims. *See* Agreement.

Nevertheless, on December 4, 2017, in direct breach of their private contract, Plaintiff commenced the instant action through the filing of a Class and Collective Action Complaint. According to the allegations contained in the Complaint, New Kang Suh is a corporation that owns and operates a Korean restaurant in Westchester County, and is authorized to do business in the State of New York. Defendant Myung Sook Choi is alleged to be the owner, officer, director and/or managing agent of New Kang Suh Inc. and the maker of all business decisions relevant to salary and hours of work. *See* Collective and Class Action Complaint ("Complaint") ¶¶ 1-6, annexed as Exhibit A to Moretti Dec.

Plaintiff alleges that she is a resident of Queens County, who was employed as a waitress by New Kang Suh, Inc. from 2001 to June 15, 2017. Comp. ¶7; ¶11. Plaintiff further alleges that she worked from 10:30 A.M. until 10:30 P.M. on Mondays and Tuesdays; from 10:30 A.M. until 11:00 P.M. on Fridays and Saturdays; and from 10:30 A.M. until 10:00 P.M. on Sundays. Plaintiff did not work on Wednesdays and Thursdays. Plaintiff additionally claims that she was never given an uninterrupted 30 minute break during her work hours and worked approximately 60.5 hours a week. *See* Comp. ¶12. Plaintiff alleges that she was paid a daily flat rate of $55 per day regardless of her actual hours of work from 2001 through 2015, and a flat rate of $60 a day, regardless of her actual hours of work, from 2015 until June June 15, 2017. Comp. ¶¶13-14.

Plaintiff alleges that she was not compensated for any overtime; never received "spread of hours" premium for shifts lasting longer than ten hours; was never provided any wage notices or notices regarding the terms and conditions of her employment, and that same is true for other Class members. *See* Comp. ¶¶15-23.

2

As will be discussed below, Defendants deny the allegations and simply state that, all the claims herein were settled between the parties prior to any contemplated litigation for the considerable payment of $17,000.000. Plaintiff is bound to the terms of their private contract which clearly released the Defendants from all claims raised in the instant complaint. Moreover, Defendants were not obligated to seek approval for this pre-litigation settlement from either the Department of Labor or any court, especially as the claims were not brought before any court that could have jurisdiction over these parties when the Agreement was signed. Plaintiff is accordingly precluded from bringing these claims and as such, the Complaint must be dismissed in its entirety, and any attempt to cure the deficiencies is futile.

## LEGAL ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* .at 1949 (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. To state a plausible claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not "shown" that the pleader is entitled to relief, and it must be dismissed. *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557). To be plausible, the claim must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Summary judgment is available "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *Holocomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. *Petrosino v. Bell Atlantic*, 385 F.3d 210, 219 (2d Cir. 2004); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### POINT I

### Plaintiff's Claims are Barred by their Mutually Agreed upon Settlement and Release

It is firmly established that a valid release, which is clear and unambiguous on its face, and which is knowingly and voluntarily entered into, will be enforced as a private agreement between parties. *Skluth v. United Merchants & Mfrs., Inc.* (quoting *Appel v. Ford Motor Co.*, 11 A.D.2d 731, 732 (1985)) 163 A.D.2d 104, 282 (1st Dep't 1990); *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003); *DuFort v. Aetna Life Ins. Co.*, 818 F.Supp. 578, 581 (S.D.N.Y. 1993). "The terms of a contract are not ambiguous if they 'have a definite and precise meaning and are not reasonably susceptible to differing interpretations.'" *Vornado Realty Trust v. Marubeni Sustainable Energy, Inc.* 987 F.Supp.2d 267, 276 (E.D.N.Y. 2013)(quoting *RJE Corp*,

4

*329 F.3d* at 314). Moreover, "when the meaning of a contract is plain and clear, it is entitled to be enforced according to its terms and not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist." *Vornado Realty Trust,* 987 F.Supp.2d at 277, quoting *Uribe v. Merchants Bank of N.Y.,* 91 N.Y.2d 336 341 (1998).

Here, a clear reading of the terms contained in the four corners of the June 29, 2017 Agreement makes it unmistakably evident that the intention of the current parties was to settle any and all claims Ms. Lee could allege against New Kang Suh Inc. and Myung Sook Choi in the context of her employment with them. Specifically, the Agreement states as follows:

> "WHEREAS Releasees wish to resolve and settle all claims related to hours of work, wages, and overtime that have been or could be asserted by Releasor in order to avoid the costs and uncertainties of continued litigation, without any admission of liability or any infirmity in any claim or defense,
>
> WHEREAS, the parties desire to resolve, on the terms set forth herein, any and all claims concerning hours worked, wages, overtime, and retaliation that were asserted or could have been asserted on behalf of Releasor... the parties agree that upon execution of this Settlement Agreement by Releasor and Releasees, Releasees shall be dismissed from the Claim with prejudice, and Releasees shall have no further liability for any of the claims that have or could have been asserted, may or may be asserted, against them...Releasor ...voluntarily, knowingly, irrevocably, and forever discharge Releasees."

Clearly, by the very terms Plaintiff agreed upon in exchange for the significant sum of $17,000.00, Plaintiff was precluded from bringing the instant action. By bringing this action, Plaintiff willfully and maliciously violated the terms of this otherwise wholly valid and enforceable private contract between herself and the Defendants. In light of the valid Agreement that unequivocally bars the Plaintiff from bringing the instant action, the terms of the contract should be honored and the Complaint must be dismissed.

Furthermore, Plaintiff's failure to consult with an attorney prior to signing the Agreement does not preclude enforcement of it. Neither Ms. Lee nor Ms. Choi were represented by counsel

at the time the agreement was made, and instead, both chose to utilize a mutually agreed upon neutral Korean mediator. "There is, certainly, no requirement in the law that consultation with a lawyer must occur in order to render a contractual obligation enforceable...so long as the agreement has been knowingly and voluntarily entered into. *Skluth v. United Merchants & Mfrs., Inc.*, 163 A.D.2d 104, 107 (1st Dept 1990). Accordingly, defendants are entitled to a dismissal of the complaint against it.

## POINT II

### Defendants Had No Obligation to Report or Seek Approval of their Release and Settlement to the Department of Labor, Nor Any Court

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that settlement agreements resolving FLSA claims were not binding unless either the Department of Labor or a district court had approved the agreement's terms. *See Cheeks v. Freeport Pancake House, Inc.* 796 F.3d 199 (2015). However, *Cheeks* only applies to settlement agreements that occur in the context of Rule 41 of the Federal Rules of Civil Procedure, and is accordingly inapplicable to settlements made prior to any litigation, as is the circumstance here. *See Id; see also Gaughan v. Rubenstein*, 261 F.Supp.3d 390, 400 (S.D.N.Y. 2017).

In *Gaughan v. Rubenstein*, the parties, prior to any litigation, entered into a settlement agreement for the payment of $18,000.00 to the Plaintiff, in exchange for the release of any and all claims against the Defendant in relation to her employment with him. There, the Court determined that precedent required that the Court uphold the settlement agreement and dismiss the action against the defendant Rubenstein. The Court explained, that "to hold otherwise, given the procedural and substantive indicia of fairness present here, would inhibit productive settlements. It would effectively require that any parties, even ably counseled plaintiffs, wishing to settle an

FLSA dispute out-of-court without bringing suit, obtain judicial or agency approval for their settlement. The Court is unaware of no [sic] charter for imposing such a requirement." *Gaughan*, 261 F.Supp.3d at 402.

In light of the ruling in *Gaughan*, Plaintiff cannot claim that the Agreement is unenforceable due to a failure to get approval from the Department of Labor or a court. *Gaughan* clearly addresses the validity of prelitigation settlements such as the one entered into by the parties in this action. Plaintiff was contractually barred from bringing the instant action, as her claims against Defendants were wholly and directly resolved. Plaintiff cannot rely on *Cheeks* as a basis to elude dismissal. As such, the allegations of the Complaint are insufficient under the pleading standards articulated in *Twombly, supra*, and must be dismissed, or in the alternative, Defendant should be granted summary judgment as her claims were resolved in June of 2017.

## CONCLUSION

For the aforementioned reasons, the Court should grant Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) and should dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: New York, New York
       June 15, 2018

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD, P.C.

_____
Grace (Sang-Eun) Hong
*Attorneys for Defendants New Kang Suh, Inc. d/b/a Korea Garden and Myung Sook Choi*
120 Broadway, 27th Floor
New York, New York 10271
(212) 238-4800

7