USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOUNG MIN LEE,

                          Plaintiff,

-against-

NEW KANG SUH INC. and MYUNG SOOK CHOI,
                          Defendants.

No. 17-cv-9502 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Young Min Lee brings this action against Defendants New Kang Suh Inc. and Myung Sook Choi. ("Complaint," ECF No. 1.) Plaintiff asserts claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (ECF No. 14.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

      The following facts are derived from the Complaint or documents Plaintiff was aware of before she initiated this suit and are assumed to be true for the purposes of this motion.

      From 2001 until she was terminated on June 15, 2017, Plaintiff worked for Defendants as a waitress. (Compl. ¶ 11.) Shortly after her termination, on June 29, 2017, Plaintiff signed a Settlement Agreement and General Release ("Agreement") with Defendants which stated that all claims relating to Plaintiff's employment were resolved and settled in exchange for a payment of $17,000 to Plaintiff. (Decl. in Supp. of Mot. to Dismiss, Ex. B, ECF No.16.) During her employment, Plaintiff worked approximately sixty and a half hours per week. (Compl. ¶ 12.)

Plaintiff was paid a flat daily rate of $55 from 2001 until 2015 and then $60 from 2015 until her termination. (*Id.* ¶¶ 13 – 14.)

Plaintiff was never provided with overtime compensation or "spread of hours" compensation for shifts lasting longer than ten hours. (*Id.* ¶¶ 15 – 16.) Defendants did not provide Plaintiff with a wage notice at the time of her hiring. (*Id.* ¶ 17.) In fact, Defendants knowingly and willfully deprived their other employees of overtime and spread of hours compensation. (*Id.* ¶¶ 25 – 26.) Plaintiff initiated this case on December 4, 2017 on her own behalf and on behalf of all others similarly situated. (*Id.* ¶ 1.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A court also need not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the

2

complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, such as the Agreement, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint because Parties already resolved this dispute through a private settlement agreement entered into before the initiation of this case.

Releases are contracts under New York law, and releases are enforceable when the language of the release is clear and unambiguous. *Weiss, Peck & Greer, L.L.C. v. Robinson*, No. 03-CV-209(RWS), 2003 WL 1396436, at *4 (S.D.N.Y. Mar. 19, 2003); *Booth v. 3669 Delaware, Inc.*, 92 N.Y.2d 934, 935 (1998). Settlement agreements and releases entered into under Federal Rule of Civil Procedure 41[1] in FLSA cases require approval from a district court or the Department of Labor to take effect. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).[2] This extra protection is warranted because the FLSA was intended to "remedy the evil of overwork by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime." *Id.* (internal quotation marks omitted) (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008)). The purpose of the FLSA "was to secure for the lowest paid segment of the nation's workers a subsistence wage." *Id.* at 202 (quoting *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946).

---

[1] Rule 41 applies to dismissal of actions pending before a court. Fed R. Civ. P. Rule 41.
[2] *Cheeks* is "confined to the Rule 41 context." *Barnhill v. Fred Stark Estate*, No. 15-CV-3360(BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015); *see Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 400 (S.D.N.Y. 2017).

3

However, the Second Circuit has not yet ruled on whether settlement agreements for FLSA-related claims entered into prior to litigation require district court or Department of Labor approval. At least one district court in this Circuit has addressed the issue. In *Gaughan v. Rubenstein*, the parties executed a settlement agreement in which the plaintiff agreed to release any and all claims, including those related to employment, against the defendant. 261 F. Supp. 3d 390, 397 (S.D.N.Y. 2017). The plaintiff later brought a complaint raising FLSA and New York Labor Law claims against the defendant for the same conduct covered in the agreement. *Id.* After considering the circumstances surrounding the pre-litigation settlement, the court upheld the settlement agreement because there was "no reason to view that agreement as the product of one-sided bargaining." *Id.* at 402. Based on the analysis in *Gaughan* and in consideration of the employee-friendly purpose of the FLSA, the Court finds that settlement agreements for FLSA-related claims entered into prior to litigation should be analyzed on a case-by-case basis.

Here, Plaintiff's Complaint contains no facts surrounding the circumstances of the Agreement. While the Court may infer that the Agreement was suspect considering that it was entered into days after Plaintiff was terminated from a job she had held for over a decade, such an inference is insufficient to show that the Court should not enforce the release in the Agreement. Because of the lack of allegations about the Agreement in the Complaint, the Court is left to only consider the Agreement itself.

The Agreement is a facially enforceable contract. An enforceable contract requires an offer, acceptance, consideration, mutual assent, and an intent to be bound. *Stone v. Sutton View Capital, LLC*, No. 17-CV-1574(VEC), 2017 WL 6311692, at *4 n.7 (S.D.N.Y. Dec. 8, 2017). All of those elements appear to be present in the Agreement. Presumably, there was an offer to

release Defendants from Plaintiff's employment claims which was accepted. In consideration of the release, Plaintiff received $17,000. Finally, both Parties signed the Agreement which indicates both that they each assented and intended to be bound. With nothing to impugn the validity of the Agreement and no allegations in the Complaint suggesting that the Agreement was the result of one-sided bargaining, the Court must enforce the Agreement and dismiss Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with leave to replead consistent with this Opinion no later than March 18, 2019. Failure to timely file an amended complaint will result in the closure of this case. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 14.

Dated: February 15, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge