UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOUNG MIN LEE, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER EMPLOYEES SIMILARLY
SITUATED ,

                      Plaintiff,

                v.

NEW KANG SUH INC. d/b/a KOREA GARDEN and
MYUNG SOOK CHOI,

                      Defendants.

Case No. 17-cv-09502

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

HANG & ASSOCIATES, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354

TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... i

**PRELIMINARY STATEMENT** ............................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 2

    **I.**    **The Fed. R. Civ. P. 12(b)(6) Standard** .................................................................. 2

    **II.**   **Pre-Litigation Settlement Agreements Should Be Analyzed on a Case-by-Case Basis** ........ 4

    **III.**  **Plaintiff Has Sufficiently Pleaded a Claim for Fraud in the Inducement** ............................ 5

**CONCLUSION** .......................................................................................................................... 7

# TABLE OF AUTHORITIES

## Cases

*Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n* v. *Bernard M. Baruch College*, 835 F.2d 980 (2d Cir. 1987) .................................................................................................................................. 2

*Alpha Capital Anstalt v. Oxysure Sys., Inc.*, 252 F.Supp.3d 332 (S.D.N.Y. 2017) ................................. 5, 6

*Arista Records*, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ........................................................................ 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................................... 3

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) ...................................................... 4

*First Hill Partners, LLC v. BlueCrest Capital Mgmt. Ltd.*, 52 F.Supp.3d 625 (S.D.N.Y. 2014) ................. 5

*Gaughan v. Rubenstein*, 261 F.Supp.3d 390 (S.D.N.Y. May 23, 2017) ...................................................... 4

*In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566 (S.D.N.Y. 2005) ............................................. 3

*Lankau v. Luxolt Holding, Inc.*, 266 F.Supp.3d 666 (S.D.N.Y. 2017) ........................................................ 6

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ............................................... 4

*McCormack v. IBM*, 145 F.Supp.3d 258 (S.D.N.Y. 2015) ...................................................................... 5, 6

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ........................................................................................ 5

*Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61 (N.D.N.Y. 2008) ........................................................................ 3

*Sheppard v. Beerman*, 18 F.3d 147 (2d Cir. 1994) ...................................................................................... 2

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375 (2d Cir. 1995) ........................................................... 3

## Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) ................................................................................................................................... 3

**PRELIMINARY STATEMENT**

Plaintiff Young Min Lee ("Plaintiff"), by and through her undersigned attorneys, Hang & Associates, PLLC, hereby submits this Memorandum of Law in Opposition to the Defendants' Motion to Dismiss the Amended Complaint.

Defendants New Kang Suh d/b/a Korea Garden and Myung Sook Choi (collectively, "Defendants") move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis of Defendants' motion is a pre-litigation, out-of-court settlement agreement and general release (the "Settlement and Release") that was obtained just two (2) weeks after Plaintiff was terminated by Defendants. *See* Defendants' Memorandum of Law ("Defendants' Memo of Law"). Defendants' motion to dismiss should be denied because Plaintiff has plausibly alleged a fraudulent misrepresentation of material facts upon which she reasonably relied to enter into the Settlement and Release, and the reliance led to the deprivation of Plaintiff's rights protected under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

For reasons detailed hereinbelow, the Settlement and Release Defendants relied upon should be judicially set aside, rendered void and invalid as a matter of law, and the Court must deny Defendants' motion accordingly.

**STATEMENT OF FACTS**

Plaintiff was employed as a waitress in Defendants' restaurant for sixteen (16) years prior to her termination on June 15, 2017. *See* Amended Complaint ¶¶ 11, 28, annexed as Exhibit G to the Declaration of Sonali Setia, Esq., dated September 20, 2019 ("Setia Decl."). The next day, Plaintiff made a demand of $30,000 from Defendant Myung Sook Choi ("Choi") as severance payment for her termination. *See id.* ¶ 25. Choi responded and offered $17,000, and instructed Plaintiff to meet her at her friend's house on June 27, 2017 to pick up the payment. *Id.* ¶ 25.

1

Plaintiff was presented with the Settlement and Release at the meeting and was asked to execute the agreement. *See* Setia Decl., Ex. A; Ex. G ¶¶ 25-26. The Settlement and Release was written in English, a language Plaintiff did not understand. *See* Amended Complaint ¶ 29. While Choi had a friend to accompany her throughout the meeting, Plaintiff did not have an interpreter or anyone to help her comprehend the terms of the agreement, let alone to investigate, deliberate, and assess the gravity of her decision, especially with respect to releasing her rights under the FLSA and the NYLL. *See id.* ¶¶ 25, 28, 29, 30. Choi, taking advantage of Plaintiff's illiteracy and lack of knowledge of her rights, knowingly made two materially false statements to Plaintiff concerning the Settlement and Release to induce her to sign the document. Specifically, Choi knowingly misrepresented that the Settlement and Release pertained only to Plaintiff's termination at Defendants' restaurant, when in fact she knew that it entailed the release of any and all wage and hour claims Plaintiff may have against her and her business. *See id.* ¶ 28. Second, Choi explicitly told Plaintiff that she will not be able to receive the severance payment if she did not sign the Settlement and Release. *See id.* ¶ 27. Relying on Choi's misrepresentations, Plaintiff signed the agreement to her detriment. *See id.*

**ARGUMENT**

I. **The Fed. R. Civ. P. 12(b)(6) Standard**

Rule 12(b)(6) provides that a complaint may be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (citing *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n* v. *Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)). To survive a motion to dismiss pursuant to Rule

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard only requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)(2)). *See Arista Records*, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (noting that neither *Twombly* nor *Iqbal* heightened the notice pleading standard under the federal rules, and that in fact *Twombly* made clear that any standard requiring the pleading of specific facts beyond those necessary to state a claim and the grounds showing entitlement to relief is "impermissibl[e]").

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (emphasis added). Therefore, "a motion to dismiss should be granted only if 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief.'" *In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566, 573-74 (S.D.N.Y. 2005) ("The task of the court in ruling on a Rule 12(b)(6) motion is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"). "No heightened pleading requirement attaches solely due to the fact that a complaint asserts, *inter alia*, a Rule 23 class action." *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 65 (N.D.N.Y. 2008).

3

**II.     Pre-Litigation Settlement Agreements Should Be Analyzed on a Case-by-Case Basis**

Although the holding in *Cheeks v. Freeport Pancake House, Inc.* pertains explicitly only to Rule 41 dismissals, the principles and policy considerations explored in that case are instructive here to determine if the Settlement and Release is enforceable. In *Cheeks*, the Second Circuit visited the Supreme Court's decision in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), in which the Court held that an employee cannot waive his undisputed right to liquidated damages under the FLSA, and the holding by the Eleventh Circuit[1] that pre-litigation waivers of employees' FLSA claims, in the absence of approval by the court or the U.S. Department of Labor, were invalid. 796 F.3d 199 (2d Cir. 2015). The Second Circuit noted that the FLSA is uniquely protective, requiring where appropriate special consideration of its "primary remedial purpose" – "to prevent abuses by unscrupulous employers." *Id.* at 207. Such principles and policy considerations mandate courts to differentiate FLSA settlement agreements from any other contracts. For instance, the court in *Gaughan* adopted a case-by-case approach to analyze the enforceability of out-of-court FLSA settlement agreements. *See Gaughan v. Rubenstein*, 261 F.Supp.3d 390 (S.D.N.Y. May 23, 2017).

For the reasons discussed herein below, this Court should deny Defendants' motion to dismiss Plaintiff's Amended Complaint because enforcing the Settlement and Release against Plaintiff would undermine the remedial purpose of the Fair Labor Standards Act ("FLSA") by encouraging the fraud effected by Defendants.

---

[1] In *Lynn's Food Stores, Inc. v. United States*, a settlement agreement was reached privately between the employer and employee without any attorney representing the employees' interests. 679 F.2d 1350 (11th Cir. 1982). The parties had settled only for $1,000, while the U.S. Department of Labor had valued the back wages claims to be over $10,000. *Id.* at 1351. The Eleventh Circuit held that the private agreement was unenforceable. *Id.* at 1355. The court also noted that the employees had never consulted with an attorney and that some employees did not even know that they were owed wages pursuant to the FLSA. *Id.*

### III.     Plaintiff Has Sufficiently Pleaded a Claim for Fraud in the Inducement

Defendants' instant motion fails to recognize that Plaintiff's Amended Complaint contains facts surrounding the circumstances of the Settlement and Release, which give reasons to view the agreement as a product of one-sided bargaining.  Specifically, Plaintiff has pled a claim for fraud in the inducement because she alleges (1) a misrepresentation or omission of material fact; (2) which the defendants knew to be false; (3) which the defendants made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.  *See Alpha Capital Anstalt v. Oxysure Sys., Inc.*, 252 F.Supp.3d 332, 339 (S.D.N.Y. 2017).  Further, Plaintiff pleads her claim with the requisite particularity by " (1) specify[ing] the statements that the plaintiff contends were fraudulent, (2) identify[ing] the speaker, (3) stat[ing] where and when the statements were made, and (4) explain[ing] why the statements were fraudulent." *McCormack v. IBM*, 145 F.Supp.3d 258, 275-76 (S.D.N.Y. 2015) (*citing Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) and *First Hill Partners, LLC v. BlueCrest Capital Mgmt. Ltd.*, 52 F.Supp.3d 625, 637 (S.D.N.Y. 2014)).

Plaintiff alleges in the Amended Complaint that she was induced by the fraudulent misrepresentations of Choi.  Specifically, Plaintiff alleges that Choi misrepresented the $17,000 as payment offered only because Plaintiff was terminated, when in fact it was for a general release of unpaid wages owed to her.  *See* Amended Complaint ¶¶ 26, 28.  Plaintiff alleges that Choi never identified the Settlement and Release, or fully explained the legal significance thereof, even though Choi knew that her representations and omissions were materially misleading.  *See id.* ¶ 28.  Furthermore, Plaintiff alleges that she was not represented by anyone when she signed the agreement.  *See id.* ¶¶ 29, 30.  And while Defendants improperly allege that a "neutral Korean mediator" reviewed the Settlement and Release, the only witness present during the meeting was

*Choi's friend*, who was obviously biased against Plaintiff. *See id.* ¶ 25. Such allegations are sufficient to satisfy the particularity requirement. *See Alpha Capital Anstalt*, 252 F.Supp.3d at 341; *McCormack*, 145 F.Supp.at 275-76; *see also Lankau v. Luxolt Holding, Inc.*, 266 F.Supp.3d 666, 677 (S.D.N.Y. 2017) (denying motion to dismiss fraudulent inducement claim and stating that "[p]resumably, discovery will illuminate the knowledge and intent of the officers . . . At this juncture, however, fraudulent intent and scienter have been adequately alleged, though not established.")

Similar to *Lynn's Foods Stores, Inc.*, it is undisputed that Plaintiff was unrepresented by an attorney when she signed the Settlement and Release. *See* Defendants' Memo of Law at 10. The question here is not whether Plaintiff *could* have retained counsel to review the agreement, but whether she *was* represented by an attorney to advise her of her rights under the FLSA and the NYLL.[2] While Defendants claim that Plaintiff could have requested additional time to review the Settlement and Release, they completely deny Plaintiff's allegation that Choi required Plaintiff to sign the release before receiving her severance payment. Defendants' Memo of Law at 10; Amended Complaint ¶ 27. And since Plaintiff was never informed that $17,000 was for the release of payment of unpaid wages, she had no reason not to rely on Choi's representations before signing the document. In order words, Choi's misrepresentation induced Plaintiff to sign the Settlement and Release, which she would not have done had she known the truth.

Simply put, after terminating an employee of sixteen years, Choi lured Plaintiff into meeting her by using money as bait, in order to obtain Plaintiff's signature on a document that releases Plaintiff's wage and hour claims, the content of which Plaintiff had no way of knowing

---

[2] It should be noted that according to Plaintiff's allegations, her damages, inclusive of the liquidated damages, is over $220,000. In fact, her back wages owed alone is $96,334.20. The settlement amount here was only for $17,000, less than 10% of Plaintiff's total damages.

due to her language barrier. The parties never engaged in an extensive arms-length negotiation – they already agreed to an amount before the meeting even took place. *See* Amended Complaint ¶ 57. Not only is it against public policy and unethical for Defendants to utilize fraud to evade liability, but it also goes against the very heart of the FLSA's primary remedial purpose – to prevent abuses by unscrupulous employers.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and for all other relief this Court may deem just and proper.

Dated: October 21, 2019

Respectfully submitted,

HANG & ASSOCIATES, PLLC

By: /s/ *Ken Maeng*
Ken Maeng, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Phone: 718.353.8588
Fax: 718.353.6288
e-mail: kmaeng@hanglaw.com
*Attorneys for Plaintiff*