UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Hon. Paul E. Davidson, U.S. M.J.
YOUNG MIN LEE, individually and on behalf of all        17-CV-09502

Employees similarly situated

                                    Plaintiffs,

    -against-

NEW KANG SUH INC. d/b/a KOREA GARDEN and

MYUNG SOOK CHOI

                                    Defendants
-------------------------------------------------------------------X

**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAWS**

By: Michael A. King, Esq.
Defendants' Counsel
41 Schermerhorn Street, Suite 228
Brooklyn, New York, 11201
Filed via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YOUNG MIN LEE, individually and on behalf of all        17-CV-09502
Employees similarly situated
                                   Plaintiffs,
   -against-
NEW KANG SUH INC. d/b/a KOREA GARDEN and
MYUNG SOOK CHOI
                                  Defendants
-----------------------------------------------------------------X

      Defendant, NEW KANG SUH INC. d/b/a KOREA GARDEN and MYUNG SOOK CHOI (hereinafter refer to as, the "Defendants" collectively) hereby submit their Proposed Findings of Fact and Conclusion of Law based on the testimony (including fact and expert witnesses) and evidence admitted at the hearing as follows:

## BACKGROUND

      Plaintiff Young Min Lee alleges that Defendants New Kang Suh Inc. D/B/A Korea Garden And Myung Sook Choi, her former employer, violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 et seq.; New York Labor Law ("NY:") §650 et seq.; and 12 N.Y.C.R.R. §146. Plaintiff commenced action with the filing of a Summons and Complaint on or about December 4, 2017 *[See* Docket No. 1 ]. Plaintiff than filed an Amended Complaint [*See* Docket No.24] where Plaintiff alleges that she is entitled to recover pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs. 4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover

from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid "spread of hours" premium, and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

Accordingly, to Plaintiff's Amended Complaint her specification of her working schedule were from 2001 to June 15, 2017, Plaintiff was hired by Defendants to work as a waitress for Defendants' restaurant located at 2375 Central Park Avenue Yonkers, NY 10710 [ *See* Amended Comp ¶11]. Throughout her employment Plaintiff worked the following schedule: On Mondays and Tuesdays Plaintiff worked from 10:30 a.m. until 10:30 p.m.; On Fridays and Saturdays, Plaintiff worked from 10:30 a.m. until 11:00 p.m.; On Sundays, Plaintiff worked from 10:30 a.m. until 10 p.m. Plaintiff was off on Wednesdays and Thursdays. Plaintiff did not have an uninterrupted thirty (30) minute break during her work hours. Plaintiff therefore worked approximately sixty and half (60.5) hours per week. [*See* Amended Comp. ¶12]. From 2001 until 2015 Plaintiff was paid at a flat daily rate of $55 regardless of the actual hours she worked [*See* Amended Comp. ¶13]. From 2015 until June 15, 2017, Plaintiff was paid at a flat rate of $60 regardless of the actual hours she worked [*See* Amended Comp. ¶14].

Throughout the litigation, Defendants' argument is Plaintiff fails to state a legitimate cause of action against the Defendants, as prior to the commencement of the action, Plaintiff

willingly and knowingly entered into a private settlement agreement releasing the Defendants of the very claims raised in the instant complaint.

## Basis of Liability

On or about June 29, 2017, the parties herein, Young Min Lee and Myung Sook Choi, signed a confidential Settlement Agreement and General Release ("Agreement"), which, by its own terms, contemplated the release of the Defendants from any and all claims concerning Plaintiffs hours worked, wages, overtime, or violations of state or federal law in relation to Plaintiffs employment with New Kang Suh Inc. and Myung Sook Choi. See Confidential Settlement Agreement and General release, annexed as Exhibit B to the Declaration of Grace (Sang-Eun) Hong, Esq., dated June 18, 2018 ("Hong Dec."). The Agreement explicitly acknowledges the parties' desire to resolve and settle all claims related to Plaintiffs employment for the amount of $17,000.00 as payment in full and final satisfaction of her claims. See Agreement. Nevertheless, on December 4, 2017, in direct breach of their private contract, Plaintiff commenced the instant action through the filing of a Class and Collective Action Complaint. According to the allegations contained in the Complaint, New Kang Suh is a corporation that owns and operates a Korean restaurant in Westchester County, and is authorized to do business in the State of New York. Defendant Myung Sook Choi is alleged to be the owner, officer, director and/or managing agent of New Kang Suh Inc. and the maker of all business decisions relevant to salary and hours of work.

**Proposed Findings of Fact**

Defendants deny the allegations and simply state that, all the claims herein were settled between the parties prior to any contemplated litigation for the considerable payment of $17,000.000. Plaintiff is bound to the terms of their private contract which clearly released the Defendants from all claims raised in the instant complaint. This Court on February 15, 2019, granted Defendants' motion, finding that the Settlement Agreement was enforceable on its face and that no facts had been alleged to impugn the validity of the Settlement Agreement or to suggest that the Settlement Agreement was the result of one-sided bargaining. (*See* ECF No. 23.) Therefore, all purported violations of the New York Labor Law were dismissed pursuant to the Court's Memorandum and Order dated, September 11, 2020. [*See* Docket No. 36.]

With Regard to Plaintiffs newly asserted fraudulent inducement claim appears to be based on Defendant Choi's "misrepresentation" regarding the purpose of the $17,000 payment, i. e. , that it was because of her termination, when it was actually for a general release of Unpaid wages. Importantly, no other misrepresentation is being claimed by Plaintiff. Her allegation does not constitute fraudulent inducement. Importantly, although Plaintiff contends, she misunderstood the purpose of the $17,000 payment, the Settlement Agreement and Release expressly provides that the purpose of the Settlement Agreement and Release is to resolve "any and all claims concerning hours worked, wages, overtime, and retaliation that were asserted or could have been asserted on behalf of Releasor [Plaintiff] . . ."]. *See* Setia Decl. to Defendants' Motion, Ex. A (Settlement Agreement and Release). The Settlement Agreement and Release further states that it is the "complete agreement between the parties." *See* id. As such, Plaintiff's

supposed misunderstanding as to the purpose of the $17,000 pay payment is flatly contradicted by the plain language of the Settlement Agreement and Release.

From Plaintiff's Deposition conducted on August 9, 2021, the transcript of the Plaintiff reveals that her main outrage is:

"From the beginning to end, like from the time when I got fired today" [Page 37, Line 24-25 of Transcript"]

"I explained to him it was really unfair for me, his mother, and then I ended up talking to an attorney…" [Page 38, Line 2-5]

"That his mother (referring to "Plaintiff") was unfairly fired, and I lost my job and check at Choi Myung Sook" [Page 38-, Line 15-17]

"So I said to her, you know, you fired me suddenly and I have no job and I worked there for a long time, I would like severance pay" [Page 97, Line 16-19]

Q: "You also testified that you asked for severance money because you worked there at the restaurant for a very long time, and you thought it was unfair to be let go and you deserved some kind of comfort money; is that correct? [Page 110, Line 9-14]

A: That is correct… [Page 11, Line 15.]

Throughout Plaintiff's testimony, she expressed many times that she was "unfairly fired" and not due to implications from underlying allegations in her complaint. The motivation of the lawsuit is to be receiving more money from Defendants because the $17,000 money that Plaintiff received was not enough for her.

**Defendants' Liability**

Contrary to Plaintiff's allegation that Defendant, New Kang Suh Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year [See Amended Complaint ¶2]. Defendant, New Kang Suh Inc. went bankrupt on or about April 2019 with Case No. 19-22793(RDD) and Defendant Myung Choi as an individual has numerous judgments against her in excess of $500,000.00.

## CONCLUSION

**WHEREFORE**, by reason of the foregoing, Defendants respectfully request that the Court:

a. Dismiss Plaintiff's prayer for an award of damages as listed in Complaint and should dismiss Plaintiffs Amended Complaint in its entirety with prejudice.

b. And grant any other remedies that the Court deem just and proper and equitable in the matter.

Dated: Brooklyn, New York
June 7, 2022

**MICHAEL A. KING, ESQ.**

_____
Michael A. King
*Attorney for Defendants*
41 Schermerhorn Street, PMB 228
Brooklyn, New York 11201
P: 646-824-9710
E: Romeo1860@aol.com

## DEFENDANTS' EXHIBITS LIST

| Exhibit Number | Description | Bates Range | Expects/May offer |
|---|---|---|---|
| A | Confidential settlement agreement and general release bates stamped | Defendants Docs 000001-4 | Expect |

## DEFENDANTS' WITNESS LIST

| | | | |
|---|---|---|---|
| Myung Sook Choi | Michael A. King, Esq. 41 Schermerhorn Street, Suite 228 Brooklyn, New York 11201 | 646-824-9710 | Expects |
| Young Min Lee | Shan Zhu, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, NY 11354 | 347-495-6055 | Expects |