

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and Release (the "Settlement Agreement") is between Young Min Lee ("Releasor"), and Myung Sook Choi and New Kang Suh Inc., their agents, representatives, heirs, assignees, executors, and beneficiaries ("Releasees").

WHEREAS, Releasor had a claim against Releasees, alleging that Releasees failed to pay Releasor minimum wages and overtime, and that Releasees fired Releasor as a retaliation of requesting increase of the wage;

WHEREAS, Releasees assert that they have paid Releasor properly and lawfully, and did not fire Releasor as a retaliation of wage increase, and Releasees deny that they have violated any law or failed to pay any overtime compensation owed to Releasor;

WHEREAS, Releasees wish to resolve and settle all claims relating to hours of work, wages, and overtime that have been or could be asserted by Releasor in order to avoid the costs and uncertainties of continued litigation, without any admission of liability or any infirmity in any claim or defense,

WHEREAS, the parties desire to resolve, on the terms set forth herein, any and all claims concerning hours worked, wages, overtime, and retaliation that were asserted or could have been asserted on behalf of Releasor;

THE PARTIES NOW AGREE as follows, in consideration for the mutual promises set forth herein:

1. The parties agree that upon execution of this Settlement Agreement by Releasor and Releasees, Releasees shall be dismissed from the Claim with prejudice, and Releasees shall have no further liability for any of the claims that have or could have been asserted, may or may be asserted, against them as set forth more specifically in paragraph 6 below.

2. The Releasees make no admission of any liability on any claim and Releasor expressly acknowledges that the Settlement Agreement shall not be interpreted or used in any way whatsoever to establish Releasees' liability.

3. In full and final satisfaction of her claims as more particularly described in this Agreement, Releasees shall pay Releasor as follows:

    (a) Cash in the gross amount of $7,000.00 on June 29, 2017.

    (b) 10 Monthly installment payments to Releasor in the amount of $1,000.00. Each Payment shall be received by Releasor on the last day of the month for 10 consecutive months. First payment shall be received by Releasor on or before August 30, 2017 and Last payment shall be paid on or before May 30, 2018.

4. Releasor agrees that she will be solely responsible for the payment of any applicable taxes owed by her, if any, in regard to the aforementioned payment.

Defendants' Exhibit Doc 000001

5. Releasor and her beneficiaries, heirs, and assigns, voluntarily, knowingly, irrevocably and forever discharge Releasees and any person or entity affiliated with Releasees, including, without limitation, its agents, officers, employees, or persons acting on her behalf in an official or individual capacity, from any and all claims for any wage and hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, claims, meal break claims, uniform maintenance claims, uniform reimbursement claims, and all other claims that were or could have been asserted in the Claim, whether known or unknown, under federal, state, and/or local wage and hour laws, through the Effective Date of this Agreement. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees' and costs. In addition, Releasor specifically and affirmatively releases Releasees from any claims for unpaid minimum wages, overtime wages, tips, tip credits, gratuities, liquidated damages, and attorneys' fees and costs related to such FLSA Claims, that were or could have been asserted in the Claim, whether known or unknown, through the date of preliminary approval of this Settlement Agreement.

6. Releasor agrees, for herself, and her beneficiaries, heirs and assigns, to keep the existence of and terms of this Settlement Agreement in strict confidence and not to disclose this document, its contents, or subject matter to any person, orally, in writing, or otherwise, other than her attorneys, respective spouse, accountants, or income tax preparer, or any taxing authority, or as required by law. Furthermore, to the extent Releasor is permitted to disclose and do disclose such information, she agrees to inform the persons receiving such information that it must remain confidential. If asked about the status of claims, Releasor will reply only that the parties' dispute and all claims have been amicably resolved by way of a confidential settlement. If Releasor is subpoenaed or otherwise requested to disclose this Settlement Agreement or any of its terms, she will immediately notify Releasees or their attorney and to the extent permitted by law will provide reasonable cooperation in resisting the disclosure on the grounds that the terms of this Settlement Agreement are confidential.

7. The parties shall not directly or indirectly seek or participate in any publicity regarding the settlement, including posting any information about the settlement on any website. If any person contacts any party in connection with any possible article or publicity regarding the settlement, they shall respond by stating that they have no comment and shall not provide any other information.

8. Releasor agrees and acknowledges that any violation of the confidentiality obligations in Section 6 of this Settlement Agreement shall cause Releasees great damage and injury. Accordingly, it is expressly understood and agreed that, in the event that Releasor is found by a court of law to have breached the confidentiality provisions of this Settlement Agreement, Releasees shall be entitled to recover any or all damages that Releasees may have in law or equity, including but not limited to injunctive relief, without bond, reasonable attorney's fees, and other costs as ordered by the court.

Defendants' Exhibit Doc 000002

9. The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Claim.

10. In the event that Releasees receive requests for employment references or inquiries concerning Releasor, Releasees agree to provide only information regarding such Releasor's dates of employment and position with Releasees. Releasees shall state that it is company policy to provide only dates of employment and information about position in response to reference requests or inquiries.

11. As of the execution date of this Settlement Agreement, Releasor and their counsel, if any, represents and warrants that they are not presently aware of and has not solicited any individuals to bring or threaten to bring any action for unpaid wages or otherwise against Releasees, nor are they cooperating or assisting any attorney in any other action against Releasees.

12. Releasor represents and agrees that she fully understands her right to discuss all aspects of this Settlement Agreement, that to the extent desired Releasor has availed herself of this right, that Releasor fully understands the provisions of this Settlement Agreement and that Releasor is voluntarily entering into this Settlement Agreement.

13. This Settlement Agreement is the complete agreement between the parties. The parties represent that no promise or representation, written or oral, has been made in connection with this settlement that is not contained in this Settlement Agreement.

14. This Settlement Agreement may be executed in one or more actual, electronic, or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

By their signatures below, the Parties agree to the terms of this Settlement Agreement and represent that they are doing so freely and voluntarily and without coercion or duress.

_____  
Young Min Lee, Releasor                    June 29, 2017

_____  
Myung Sook Choi, Individually              June 29, 2017

Defendants' Exhibit Doc 000003

New Kang Suh Inc.
2375 Central Park Avenue
Yonkers, NY 10710

By: _____      _____
    Myung Sook Choi, President         June 29, 2017

7/31/2017
check 2장씩
＃ 2m
Deposit
하기 2장

- 4 -