**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YOUNG MIN LEE, individually and on behalf of all employees similarly situated,

        Plaintiffs,

- against -

NEW KANG SUH INC. d/b/a Korea Garden and MYUNG SOOK CHOI,

        Defendants.

Case No.: 7:17-CV-09502-NSR

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

Yongjin Bae, Esq.

Hang & Associates, PLLC

136-20 38th Avenue, Ste 10G

Flushing, NY 11354

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iiii
PRELIMINARY STATEMENT ....................................................................................... 1
ARGUMENT ..................................................................................................................... 1
   A. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS 1
   B. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS REASONABLE ........................ 2
      1. Plaintiffs' Counsel Expended a Reasonable Amount of Time ........................................... 2
      2. Plaintiffs' Requested Hourly Rates Are Reasonable ............................................................ 3
      3. Public Policy Favors Compensating Plaintiffs' Counsel Adequately ................................. 6
      4. Attorney's Fee Award Need Not be Proportional to Damages ........................................... 7
   C. PLAINTIFFS' REQUEST FOR COSTS AND EXPENSES ARE REASONABLE ............ 8
CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509 (S.D.N.Y. 2011) .................................. 7, 8

Arbor Hill Concerned
 Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d
 182 (2d Cir. 2008) ............................................................................................................ 2, 4

Blum v. Stenson, 465 U.S. 886 (1984) ............................................................................................ 4

*Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274 (E.D.N.Y. 2008) ........ 9

Cowan v.
 Prudential Ins. Co. of Am., 935 F.2d 522 (2d Cir. 1991) ...................................................... 8

*DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, No. 07 Civ. 10318, 2008 U.S. Dist. LEXIS
 106829, 2008 WL 5517589 (S.D.N.Y. Dec. 1, 2008) ............................................................ 3

Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723 (E.D.N.Y. 2009) .......................................... 7

Fegley v. Higgins, 19 F.3d 1126 (6th Cir. 1994) ............................................................................ 7

Graham v. Sauk Prairie Police Commission, 915 F.2d 1085 (7th Cir. 1990) ................................ 3

Grochowski v. Ajet Constr. Corp., 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031 (S.D.N.Y. Mar.
 27, 2002) ................................................................................................................................. 8

*Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014) .............. 5

Johnson v. Georgia
 Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) ........................................................... 4

Kassim v. City of
 Schenectady, 415 F.3d 246 (2d Cir. 2005) ............................................................................. 8

*Kuzma v. Internal Revenue Serv.*, 821 F.2d 930 (2d Cir. 1987) ..................................................... 9

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d. Cir 1998) ......................................................... 9

*Liberty Mut. Ins. Co. v. Conmas ,Inc.*, No. 10-CV-717, 2012 U.S. Dist. LEXIS 35813, 2012 WL
 913312 (N.D.N.Y. Mar. 16, 2012) .......................................................................................... 2

*Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444 (S.D.N.Y. 2015) ............................... 5

Marison A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381 (S.D.N.Y. 2000) ............................... 3

Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010) .................................................................. 2

Prasker v. Asia Five Eight LLC, No. 08 Civ. 5811, 2010 U.S. Dist. LEXIS 1445 (S.D.N.Y. Jan.
 6, 2010) ................................................................................................................................... 7

Riverside v. Rivera, 477 U.S. 561 (1986) .................................................................................... 1
Sand v. Greenberg, No. 08 Civ. 7840, 2010 U.S. Dist. LEXIS 1120 (S.D.N.Y. Jan. 7, 2010) ...... 7
Sewell v. Bovis Lend Lease, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 20, 2012) .......................................................................................................................................... 7
Torres v. Gristede's Operating Corp., 519 Fed. App'x 1 (2d Cir. 2013) ........................................ 8
**No table of authorities entries found.**

**PRELIMINARY STATEMENT**

Plaintiff submits this memorandum of law in support of Plaintiff's motion for reasonable attorneys' fees and costs. On September 28, 2022 Honorable Paul E. Davison, United States Magistrate Judge entered a judgment against the Defendants for an amount of $53,273.50 consisting of 1) $26,636.75 in compensatory damages for unpaid wage; and 2) $26,636.75 in liquidated damages under FLSA. Honorable Judge Paul E. Davison also ordered Plaintiff to file motion for reasonable attorney fees and cost by October 28,2022. ECF Dkt. No. 89.

The Clerk of the Court accordingly on September 29, 2022 entered a judgment in favor of Plaintiff in the total amount of $53,273.50. ECF Dkt. No. 90.

Plaintiff achieved total success on their individual claims under FLSA and are prevailing parties for purposes of the fee-shifting statutes. Plaintiffs respectfully submit this memorandum of law in support of their motion for attorneys' fees and costs as a prevailing party pursuant to the FLSA.

An award of fees need not be proportional to the damages awarded. Many courts have awarded attorneys' fees greater than compensatory damages. *See, e.g.*, *Riverside v. Rivera*, 477 U.S. 561, 564-67 (1986) (upholding an award of $245,456.25 in fees even though plaintiffs had recovered only $33,350 in both compensatory and punitive damages).

For the following reasons, this Court should grant this motion in full and award to Plaintiff $89,720.00 in reasonable attorney's fees and $3,837.23 in costs.

**ARGUMENT**

**A. PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEY'S FEES AND COSTS**

Plaintiff's Counsels are entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf of the Plaintiff. The request for $89,720.00, pursuant to the lodestar method of fee calculation, plus expenses, is reasonable and well within the range approved by courts in similar cases. Under *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 484 F.3d 162 (2d Cir. 2007), the Second Circuit held that there is no proportionality requirement so long as "a party [sic] has established his entitlement to some relief on the merits of his claims." Here, through litigating this matter, Plaintiff's Counsel achieved success on behalf of his client for their claims of unpaid wages under FLSA in the amount of $53,273.50. Such fees and expenses should be approved so long as the hours expended are reasonable.

**B. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS REASONABLE**

The Court should grant Plaintiffs' request for in attorneys' fees in full. There is a strong presumption that the lodestar, which is calculated by multiplying plaintiffs' attorneys' reasonable hourly rate by the number of hours reasonably expended on the litigation, is reasonable. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)

### *1. Plaintiffs' Counsel Expended a Reasonable Amount of Time*

"[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case." *Liberty Mut. Ins. Co. v. Conmas ,Inc.*, No. 10-CV-717, 2012 U.S. Dist. LEXIS 35813, 2012 WL 913312, at *3 (N.D.N.Y. Mar. 16, 2012) (quoting *DLJ Mortg. Capital, Inc. v. Act Lending Corp.*, No. 07 Civ. 10318, 2008

U.S. Dist. LEXIS 106829, 2008 WL 5517589, at *7 (S.D.N.Y. Dec. 1, 2008)). "Although counsel is not 'required to record in great detail how each minute of his time was expended… at least counsel should identify the general subject matter of his time expenditures." *Marison A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000). Plaintiffs' Counsel generated contemporaneous records of work done on this case, attached to Yongjin Bae Decl. ("Bae Decl.") as **Exhibit A**. The billing records state clearly the hours spent and nature of the time expended.

The Complaint in this case was filed on December 4, 2017 and Plaintiff's Counsel has diligently worked on the case until its conclusion. None of the entries are excessive, redundant, or unnecessary. The entries are marked clearly and do not include any block billing. All attorneys who worked on this case were necessary to the case.

Plaintiff did not make any motions over the course of this action, and was forced to oppose or otherwise respond to Defendants' Motion to dismiss. ECF Dkt. No. 18, 28. Although Plaintiff's Counsel attempted to resolve both matters with opposing Counsel prior to engaging in the motion practice, but the parties were unable to reach an agreement in either matter.

In addition, Plaintiff prepared and participated in a settlement conference which was concluded without any meaningful counter offer from Defendants. ECF Dkt. No. 58.

Lastly, the general practice of Hang & Associates, Inc. is to resolve the FLSA cases before it goes to trial. However, although multiple attempts, the Defendants offered nothing until trial. The parties were unable to reach an early settlement agreement despite the diligent efforts by Plaintiffs' Counsel. "A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Graham v. Sauk Prairie Police Commission*, 915 F.2d 1085, 1109 (7th Cir. 1990).

*2. Plaintiff's Requested Hourly Rates Are Reasonable*

The hourly rates Plaintiff request are reasonable and appropriate. Courts select an hourly rate by determining what a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008). Rates must be consistent with the prevailing rates in the relevant geographic area for "lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). Courts should consider "all of the case-specific variables that [may be] relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," including the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Arbor Hill*, 522 F.3d at 190. The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3. Each of these factors supports Plaintiffs' requested rates.

**(a) Plaintiffs' Counsel Have Significant Experience, a Good Reputation, and Proven Ability in FLSA cases**

"While rates are often set by district, courts should be mindful of the practice area of the underlying litigation and take this into account when determining a reasonable hourly rate." *Pope*, 2015 U.S. Dist. LEXIS 123379, at 16.

Hang & Associates, PLLC ("Hang & Associates") focuses exclusively on employment law and represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Jian Hang, Esq., principal attorney of Hang & Associates, has over fifteen years of experience in the field of employment law. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. He currently represents plaintiffs with wage & hour claims in more than 400 lawsuits in federal and state courts and is well respected in the Flushing community. (Bae Decl. ¶3). Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. *See, e.g. Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. LEXIS 99444 (S.D.N.Y. 2015) ("[R]ecent decisions in this Circuit approve hourly rates of $500 or more for experienced employment litigatiors"); *Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014) (approving hourly partner rates in FLSA case of $600 and $500 for partners with, respectively, nineteen and thirteen years of expertise).

The rates Plaintiffs request for other attorneys are in line with attorneys' fee awards in the Southern District of New York. See, *Beastie Boys v. Monster Energy Co.*, No. 12 Civ. 6065, 2015 U.S. Dist. LEXIS 77185, at *54-55 (June 15, 2015) (finding hourly rates averaging from $461 to $505 per hour reasonable for second, third and fourth-year associates based, in part, on National Law Journal billing survey showing that in 2014, average associate rates at large New York City law firms ranged from $340 to $678 per hour with an overall average of $518 per hour).

Here, Ge Qu has six years of employment litigation experience, warranting an hourly rate award of $300; and Ken Meang, Diana Seo, and Shan Zhu each have three years of employment litigation experience, warranting an hourly rate award of $300. I, Yongjin Bae, have more than three years of litigation experience including employment law, family, civil and criminal matters, warranting an hourly rate award of $300. The Declaration of Yongjin Bae ("Bae Decl."), filed together with this motion, support the requested rates. See Bae Decl. at ¶¶ 2-17 (counsel's experience and rates). These billing rates are reasonable given counsel's experience and skill and their performance in this case.

The Southern District of New York has routinely awarded attorney's fees under the FLSA and the NYLL that are consistent with those proposed in this application. See e.g., *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters.*, No. 16-CV-2278 (RA), 2018 U.S. Dist. LEXIS 1230, at *2 (S.D.N.Y. Jan. 3, 2018).

Due to the diligent work performed by Plaintiffs' counsel over the course of three years, Plaintiff ultimately prevailed on all of their claims under <u>FLSA</u> at trial, and stand to obtain a judgment against Defendants worth $53,273.50.

### *3. Public Policy Favors Compensating Plaintiffs' Counsel Adequately*

It is well recognized that it is important to adequately compensate lawyers who take wage and hour cases. "Private attorneys prosecuting wage and hour abuses must be adequately compensated for their time and labor. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Sewell v. Bovis Lend Lease*, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, at *36-37 (S.D.N.Y. Apr. 20, 2012); *see also Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2010 U.S. Dist. LEXIS 1445, at *17 (S.D.N.Y. Jan. 6, 2010) ("Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL"). Fee shifting provisions "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations … would continue unabated and uncorrected." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010); *see also Allende v. Unitech Design, Inc*., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) ("the award of attorneys' fees … encourages the vindication of Congressionally identified policies and rights.").

Allowing FLSA claimants to recover a reasonable attorney's fee is important to the statute's enforcement scheme. *See, e.g*., *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (the "purpose of the FLSA attorney fees provision is 'to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances,'" and, "an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights'"); *Estrella v. P.R. Painting Corp*., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-recovery provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements").

### *4. Attorney's Fee Award Need Not be Proportional to Damages*

Although the settlement agreement here is lower than the attorney's fees sought by Plaintiff, the fee award should not be compared to the amount of damages awarded. *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 526 (2d Cir. 1991). The Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (further noting that "settled case law [is] that the setting of statutory [attorneys'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award.")); *see also Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *5 (S.D.N.Y. Mar. 27, 2002) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.' Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees ... 'encourage [s] the vindication of congressionally identified policies and rights.'"). As noted above, the Second Circuit recently upheld a $3.42 million fee award within a $3.53 million settlement, rejecting defendants' argument that the fees were disproportionately large relative to the settlement. *Torres v. Gristede's Operating Corp.*, 519 Fed. App'x 1, 5 (2d Cir. 2013).

**C. PLAINTIFFS' REQUEST FOR COSTS AND EXPENSES ARE REASONABLE**

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir 1998). Such costs and expenses include "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs…" *Id*. (quoting *Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987). "[E]xpenses relating to travel, including transportation and meals, are routinely recoverable." (*Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274 (E.D.N.Y. 2008) (gathering cases).

Here, Plaintiff request an award of $3,837,23 for costs incurred in this action. These costs are itemized in the accompanying Bae Decl., and copies of invoices for the expenses are attached as exhibits thereto. *See* Bae Decl. at ¶ 19. The costs primarily consist of expenses paid for: (i) Filing the complaint; (ii) Korean-language interpretation at deposition; (ii) Korean-language interpretation at trial; (ii) Fee for court reporter at deposition; (iv) transcripts of court proceedings, (v) Fee for transcript for deposition conducted by Defendants; and (vi) travel-related expenses.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorney's fees in the amount of $89,720.00 and costs of $3,837,23.

Dated: October 28, 2022
    Flushing, New York

By:*/s/ Yongjin Bae*___
Yongjin Bae, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Fax: (718) 353-6288

# CERTIFICATION OF SERVICE

I hereby certify that on October 28, 2022, a true copy of the above document was served upon the attorney of record for each party via Electronic Filing.

**Plaintiff's Memorandum of Law in Support of
Plaintiff's Application for Attorney Fees and Cost**

Dated: October 28, 2022
Flushing, New York

                                            Respectfully Submitted,

                                            */s/ Yongjin Bae*
                                            Yongjin Bae, Esq.