UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
YOUNG MIN LEE,

                            Plaintiff,                    **DECISION AND ORDER**

      -against-                                         17 Civ. 9502 (PED)

NEW KANG SUH, INC. and MYUNG
SOOK CHOI,

                            Defendants.
---------------------------------------------------------X
**PAUL E. DAVISON, U.S.M.J.**

## 1. INTRODUCTION

Plaintiff Young Min Lee commenced this action against defendants New Kang Suh, Inc. and Myung Sook Choi, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1] By Opinion and Order entered September 11, 2020, Judge Román granted defendants' motion to dismiss in part, and dismissed plaintiff's NYLL claims. Dkt. #36, at 12; *Lee v. New Kang Suh Inc.*, No. 17 Civ. 9502, 2020 WL 5504309, at *6 (S.D.N.Y. Sept. 11, 2020).[2] Subsequently, the parties consented to my jurisdiction for all purposes, pursuant to 28 U.S.C. §636(c). Dkt. #75. On June 28, 2022, I conducted a one-day bench trial. By Decision and Order entered September 28, 2022, this Court awarded plaintiff damages in the amount of $53,273.50. Familiarity with the record is presumed.

---

[1] This case is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c). Dkt. #75.

[2] Citations to page numbers following "Dkt. #__" reflect ECF pagination.

Presently before the Court is plaintiff's Motion for Attorney Fees and Costs.  Dkt. #93.[3] Specifically, plaintiff seeks an award of $89,720.00 in attorneys' fees as well as $3,837.23 in litigation expenses.  Dkt. #94, at 5.  In support of her motion, plaintiff submits a declaration from Yongjin Bae which includes contemporaneous billing records from the law firm representing plaintiff (Hang & Associates, PLLC).  Dkt. #95.  Plaintiff's motion is unopposed.  For the reasons that follow, the Court awards $59,542.50 in fees and $3,824.13 in costs, for a grand total of **$63,366.63**.

## II. DISCUSSION

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir.1998)).  To determine whether the rate and hours requested are reasonable, the court must "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 190 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008).  These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[3] Because plaintiff prevailed on her FLSA claims, she is entitled to reasonable attorneys' fees and costs.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.3d 714, 717-19 (5th Cir. 1974)).  The reasonable fee is calculated by multiplying the attorney's reasonable billing rate by the reasonable number of hours spent working on the case.  *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (discussing *Arbor Hill*).  S*ee also Arbor Hill*, 522 F.3d at 186-90 (emphasis in original) (rather than a two-step calculation that adjusts the product of the attorney's fees and hours by certain case-specific variables, "[t]he focus of the district court is no longer on calculating a reasonable *fee*, but rather on setting a reasonable hourly rate, taking account of all the case-specific variables").

A. Reasonable Hourly Rate

The hourly rate for an attorney should reflect "what a reasonable, paying client would be willing to pay." *Arbor Hill,* 522 F.3d at 184.  That rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Reitner v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  "[C]ourts within the Southern District of New York award fees for rates between $250.00 and $450.00 per hour in FLSA cases, deeming the upper range appropriate for the most experienced FLSA litigators." *Lee v. Mani & Pedi Inc.*, No. 20 Civ. 10787, 2022 WL 3645118, at *4 (S.D.N.Y. Aug. 24, 2022).  Here, plaintiff requests hourly rates of $350 for principal attorney Jian Hang, $300 for twelve associate attorneys (Phillip Kim, Ken Maeng, Diana Seo, Yongjin Bae, Shan Zhu, Ziyi Gao, Yuezhu Liu, Ge Qu, Zhangyuxi Wang, Jie Shi, Jiajing Fan and Zindzi Baugh Corbett) and $150 for two paralegals (Maritza Yanes and Ge Yan).

The requested rates for attorneys Hang ($350), Liu ($300), Qu ($300) and Fan ($300) are

reasonable, based upon their experience with wage and hour litigation. Attorney Hang, the named principal of the firm, has over ten years of experience with the vast majority of his work dedicated to employment-related issues, including wage and hour litigation. Dkt. #95, at 2. Attorney Liu is the Hang firm's senior associate, who "has practiced wage and hour law for approximately three years, and has handled over 30 FLSA cases in the SDNY and EDNY." *Id.* at 5. Attorney Qu earned his law degree in 2015 and has concentrated his practice on employment and labor law, with a focus on FLSA litigation. *Id.* at 4-5. Attorney Fan received her LLM in 2016 and had been practicing employment and labor law (with a focus on FLSA litigation) for three years when she worked on this case in 2021. *Id.* at 6-7. Additionally, the requested hourly rate for paralegals Yan and Yanes ($150) is reasonable and within prevailing rates. *See Vazquez v. Bkuk 10 Corp.*, No. 19 Civ. 3919, 2022 WL 17728033, at *11 (S.D.N.Y. Dec. 16, 2022) (citations omitted) (in this District, paralegals are typically awarded $100 to $150 per hour).[4]

On the other hand, a reduction in the hourly rates for all remaining associates is required. *First*, I find that $275 per hour is a reasonable rate for attorneys Maeng and Seo. Attorney Maeng graduated from law school in 2016 and states that he has "experience in a wide variety of labor matters," and has "successfully litigated numerous employment law cases on Defendant's side, including matters involving the FLSA and NYL." Dkt. #95, at 3. His experience in employment litigation notwithstanding, Mr. Maeng would have been a second-year associate at the time of the relevant billing records. Dkt. #95-1, at 1-3. Attorney Seo had six years of legal experience when she began working on this case, but just one year of experience in employment

---

[4] I note that paralegal Yanes inexplicably billed 1.3 hours at $175 per hour on June 7, 2022. Dkt. #95-1, at 13. Although this error is troublesome, it does not impact the Court's calculations.

and labor law. Dkt. #95, at 3-4; Dkt. #95-1, at 3. *See Lee*, 2022 WL 3645118, at *5 (reducing hourly rate for attorney with nine years of experience not entirely devoted to labor and employment litigation). *Second*, I find that $250 per hour is a reasonable rate for attorneys Corbett, Zhu, Bae and Gao. The background information provided for Attorney Corbett is sparse; she worked on this case in 2019, at which time it appears she had little to no experience in employment and labor law. *Id.* at 6. Similarly, Attorney Gao graduated law school in 2021, joined the Hang firm in November 2021 and began working on this case in January 2022. *Id.* at 5-6. Attorney Zhu began working on this case in 2019, at which time he had one year of legal experience (including an unspecified amount of experience in FLSA litigation). *Id.* at 4. Attorney Bae graduated law school in 2016 but had no experience in employment and labor law until he joined Hang & Associates in 2021 (the same year he began working on this case). *Id.* at 4. *Finally*, the vague nature of the background information provided for Attorneys Kim, Wang and Shi does not enable the Court to ascertain the extent of their experience with employment litigation. *Id.* at 2-3, 6-7. Accordingly, I find that $200 per hour is a reasonable rate for attorneys Kim, Wang and Shi. *See Yu Wei Cao v. Miyama, Inc.*, No. 15 Civ. 0266, 2020 WL 4808624, at *2 (E.D.N.Y. Aug. 18, 2020) (reducing attorney Kim's hourly rate to $200 "given the limited representations regarding his litigation experience and background").

B. Reasonable Hours Expended

In assessing the number of hours for which compensation should be awarded, "[t]he relevant issue [ ] is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 0121, 2015 WL

409525, at *3 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)) (alteration in original). "A court should exclude from the . . . calculation 'excessive, redundant or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997)). In addition, "the Court may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did." *Doe v. Unum Life Ins. Co. of Am.*, No. 12 Civ. 9327, 2016 U.S. Dist. LEXIS 10706, at *18 (S.D.N.Y Jan. 28, 2016). Finally, "[a] trial judge . . . may limit the hours allowed for specific tasks . . . on the basis of [the court's] assessment of what is appropriate for the scope and complexity of the particular litigation." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). The Second Circuit has cautioned that "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *Id.* at 1139. The Court can accomplish this "by making specific deductions or 'by making an across-the-board reduction in the amount of hours.'" *Danaher Corp*, 2015 WL 409525, at *3 (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)).

Here, plaintiff has submitted contemporaneous time records demonstrating that Hang & Associates expended 307.50 hours on this litigation. Dkt. #95-1.[5] The hours are adequately documented, and I note that this case was litigated over a period of five years encompassing a motion to dismiss, an unsuccessful settlement conference, substitutions of counsel and a bench

---

[5] Although the billing records reflect a total of 308.00 hours expended, plaintiff is not seeking to recover for 0.5 hours expended on 10/27/22 by attorney Guofeng Li, about whom plaintiff provided no biographical information. Dkt. #95. The Court notes that plaintiff's summary table of hours expended for each attorney (Dkt. #95, at 1-2) proposes a total of 308.00 hours, although the actual total is 307.50 hours. This is clearly administrative error; plaintiff apparently imported the total number of hours reflected on the billing records without subtracting the 0.5 hours attributed to attorney Li.

trial.  Nonetheless, the total number of hours expended is excessive for a relatively straight-forward wage -and-hour case, and warrants reduction for several reasons.

*First*, attorney Seo billed 0.5 hours for a thirty-minute lunch break on August 10, 2021. *Id.* at 10.  Obviously, time spent on a lunch break is not compensable.  *Second*, on June 28, 2022, attorney Bae billed 3.5 hours of travel time at their full rate.  *Id.* at 16.  "Courts in this Circuit regularly reduce attorneys' fees by 50 percent for travel time." *Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787, 2019 WL 3715086, at *7 (S.D.N.Y. Aug. 7, 2019) (quotation marks and citation omitted), *aff'd*, 812 F. App'x 49 (2d Cir. 2020).  *See B.C. v. New York City Dep't of Educ.*, No. 21 Civ. 2840, 2022 WL 3214374, at *7 (S.D.N.Y. Aug. 9, 2022) (the court "abides by recent decisions" and assigns a 50% reduction in hourly rate to travel time).

*Third*, plaintiff's billing records are rife with entries describing purely administrative work.  For example, plaintiff's counsel billed at full attorneys' rates for arranging service of papers, filing, phone calls and emails lacking legal or substantive character, downloading documents and saving them to the client's file and for marking time on their calendars.  *See, generally,* Dkt. # 95-1.  "As the Second Circuit has recognized, 'district courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work).' " *Torres v. Sushi Shushi Holdings, Inc.*, No. 19 Civ. 2532, 2022 WL 2788655, at *16 (S.D.N.Y. July 15, 2022) (citation omitted).  Here, entries reflecting administrative, clerical and/or ministertial work permeate counsel's billing records and warrant a ten percent (10%) reduction in the number in the number of hours billed by each attorney.

*Finally*, counsel's billing records reflect a preponderance of 0.1 hour entries for brief, mundane or unspecified tasks such as internal emails and reviewing notifications from the Court's ECF system. *See, generally,* Dkt. # 95-1. "Courts in this circuit have found that billing 0.1 hours for each brief, trivial task is an inflationary billing tactic that results in excessive billing." *Torres*, 2022 WL 2788655, at *19 (quotation marks and citation omitted). Consequently, an additional fifteen percent (15%) reduction in the number of hours billed by each attorney is warranted.

Accordingly, incorporating the adjusted hourly rates, *supra*, and the reductions in hours expended detailed above, the Court awards fees in the total amount of $59,542.50, calculated as follows:

| Attorney/Paralegal | Hours Reported | Hours Reduced 25% | Hourly Rate Awarded | Total Fee Award |
|---|---|---|---|---|
| Jian Hang | 3.40 | 2.55 | $350 | $892.50 |
| Phillip Kim | 21.20 | 15.90 | $200 | $3,180.00 |
| Ken Maeng | 63.00 | 47.25 | $275 | $12,993.75 |
| Diana Seo | 83.90 | 62.55[6] | $275 | $17,201.25 |
| Yongjin Bae | 96.90 | 72.68 | $250 | $18,170.00 |

---

[6] Incorporates reduction of 0.5 hours claimed for lunch: (83.40) - (20.85) = 62.55.

| | | | | |
|---|---|---|---|---|
| Yongjin Bae (Travel) | 3.50 | N/A | $125 | $437.50 |
| Shan Zhu | 7.10 | 5.33 | $250 | $1,332.50 |
| Ziyi Gao | 11.00 | 8.25 | $250 | $2,062.50 |
| Yuezhu Liu | 4.70 | 3.53 | $300 | $1,059.00 |
| Ge Qu | 3.60 | 2.70 | $300 | $810.00 |
| Zhangyuxi Wang | 0.50 | 0.38 | $200 | $76.00 |
| Jie Shi | 0.10 | 0.075 | $200 | $15.00 |
| Jiajing Fan | 0.20 | 0.15 | $300 | $45.00 |
| Zindzi Baugh Corbett | 0.20 | 0.15 | $250 | $37.50 |
| Maritza Yanes | 4.10 | N/A | $150 | $615.00 |
| Ge Yan | 4.10 | N/A | $150 | $615.00 |
| | | | **TOTAL FEE AWARD** | **$59,542.50** |

3. *Costs*

"Both the FLSA and NYLL entitle prevailing plaintiffs in wage-and-hour actions to recover costs." *Espinoza v. Broadway Pizza & Restaurant Corp.*, No. 17 Civ. 7995, 2021 WL

7903991, at *14 (S.D.N.Y. Nov. 18, 2021), *report and recommendation adopted*, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022).  Here, plaintiff seeks $3,816.13 in filing, deposition, translation and transcript costs related to this action, and reimbursement for an $8.00 parking fee on the day of trial.  Dkt. #95-1, at 17-18.  Plaintiff provides documentation substantiating these costs.  Dkt. #95-2.  Plaintiff also seeks reimbursement in the amount of $13.10 for "EZ Pass to court."  *Id.* at 18.  However, plaintiff fails to submit any underlying documentation substantiating this expense and, therefore, $13.10 in requested costs are not compensable.  Accordingly, plaintiff is awarded $3,824.13 for costs incurred in this litigation.

### III.  CONCLUSION

For the reasons stated above, plaintiff is awarded damages against defendants in the total amount of **$63,366.63**, consisting of attorneys' fees in the amount of $59,542.50 and costs in the amount of $3,824.13.

The Clerk of the Court shall enter judgment accordingly, and close Dkt. #93.

Dated:  February 15, 2023          **SO ORDERED.**
        White Plains, New York

_____
PAUL E. DAVISON, U.S.M.J.